**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rimma Grossman, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Whole Foods Market, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Rimma Grossman, by undersigned counsel, states as follows:

**JURISDICTION**

1. Pursuant to 28 U.S.C. § 1332, jurisdiction in this court is proper because Plaintiff is a citizen of the State of Massachusetts, Defendant is a business entity with its principal place of business in the State of Texas, and the amount in controversy exceeds $75,000.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), in that the injury giving rise to this action occurred in this District.

**PARTIES**

3. The Plaintiff, Rimma Grossman ("Plaintiff"), is an adult individual residing in Andover, Massachusetts. Plaintiff suffered severe bodily injuries on September 27, 2009, as a result of a negligent act of Defendant on a property owned and maintained by the Defendant.

4. Defendant Whole Foods Market, Inc. ("Defendant" or "Whole Foods"), is a Texas business entity with an address of 550 Bowie Street, Austin, Texas. Defendant owns and operates the Whole Foods store in Andover, Massachusetts (the "Premises") where Plaintiff was injured.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. On September 27, 2009, Plaintiff was grinding peanut butter at a self-service station in Defendant's store located in Andover, Massachusetts.

6. As Plaintiff turned to face her shopping cart, one of Defendant's employees negligently drove a vehicle loaded with palettes of merchandise (the "Vehicle") into Plaintiff. The Vehicle collided with Plaintiff's lower left leg.

7. The collision knocked Plaintiff to the floor, where she landed on her knees and one wrist. Plaintiff also hit her head on the floor.

8. Plaintiff initially lost consciousness after the collision and soon after she began suffering from severe pain in her knees, wrist, and head.

9. Plaintiff was unable to stand in the hour to two hours following the collision. When leaving the store, Plaintiff needed to be wheeled out in a carriage.

10. Plaintiff was unable to drive herself home because of the pain in her wrist and the swelling in her left leg. Plaintiff's husband drove Plaintiff home. A friend retrieved Plaintiff's car from Defendant's store and returned it to Plaintiff.

11. On or about September 27, 2009, Plaintiff began to suffer from neck pain.

12. On or about September 28, 2009, the pain in Plaintiff's neck, wrist, and legs became more severe.

13. Plaintiff's physical activities such as walking, driving, and exercise continue to be restricted due to the injuries she suffered from the collision. Plaintiff also continues to have trouble sleeping due to the pain in her neck.

## COUNT ONE
### (Negligence)

14. The Plaintiff repeats, realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant has a duty, as one who controls and maintains the Premises, to use due care to keep the Premises in a reasonably safe condition.

16. On September 27, 2009, Defendant failed to keep the Premises in a reasonably safe condition when its employee negligently operated the Vehicle on the Premises.

17. Plaintiff was injured by Defendant's negligent operation of the Vehicle and the subsequent collision of the Vehicle with Plaintiff's person.

18. Plaintiff did not, nor could she, observe Defendant's negligent operation of the Vehicle prior to the collision.

19. Defendant's negligence caused a dangerous condition to arise, of which it was or should have been aware.

20. As a result, Plaintiff sustained serious injuries of body and mind and incurred expenses for medical care and attendance, all to the great detriment of Plaintiff for past, present, and future damages.

21. WHEREFORE, the Plaintiff, Rimma Grossman, demands judgment against the Defendant for five hundred thousand dollars ($500,000.00) plus interests and costs for Count I of her Complaint.

## COUNT II
### (Gross Negligence)

22. The Plaintiff repeats, realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant had a present legal duty to maintain the Premises in a reasonably safe condition for invitees.

24. Defendant's failure to properly operate the Vehicle on the Premises demonstrated an indifference and utter forgetfulness of its legal duties and obligations to maintain safe premises for Plaintiff and other members of the public.

25. As a result of Defendant's grossly negligent indifference to its duties to maintain safe premises, Plaintiff sustained serious injuries of body and mind and incurred expenses for medical care and attendance, all to the great detriment of Plaintiff for past, present, and future damages.

WHEREFORE, the Plaintiff, Rimma Grossman, demands judgment against the Defendant for five hundred thousand dollars ($500,000.00) plus interests and costs for Count II of her Complaint.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

                                            Respectfully submitted,
                                        BY PLAINTIFF'S ATTORNEY

                    By:    /s/ Sergei Lemberg
                           Sergei Lemberg, Esq.
                           LEMBERG & ASSOCIATES L.L.C.
                           1100 Summer Street, 3rd Floor
                           Stamford, CT 06905
                           T: (203) 653-2250
                           F: (203) 653-3424

Dated: May 10, 2011